OLSZEWSKI, Judge:
Virginia M. Gatto, appellant, underwent an Endoscopic Retrograde Cholangiopancrea-tography (ERCP), performed by Dr. Kisloff, at the Presbyterian University Hospital (PUH) on February 14, 1989. After experiencing post-operative complications, appellant sued Dr. Kisloff, alleging negligence and lack of informed consent. Appellant sought to recover hospital costs incurred during her extended recovery period.
At trial, appellant introduced two separate written consent forms bearing her signature. The first was a standardized PUH consent form labeled Plaintiffs Exhibit 2. The second was a more specific consent form, taken from Dr. KislofPs files, labeled Plaintiffs Exhibit 5. This form included a handwritten portion by Dr. Kisloff, detailing the procedure for an ERCP and the risks involved. Appellant testified that she only remembered signing one consent form. She identified that form as the one labeled Exhibit 5, but she testified that she did not recall seeing any handwritten portions on the form that she signed. Appellant was implying that the handwritten portion detailing the procedure and the risks was added after she signed the form.
The defense sought to establish that the form appellant remembered signing was actually Exhibit 2,- the standardized consent form provided by PUH. Toward this end, Dr. Kisloff read the contents of Exhibit 2 into evidence. It contained a section which read:
I authorize the release of any information from hospital records as required by my insurance company and other reimbursing agency for the completion of hospitalization claims. I understand that refusal to authorize the release of this information may cancel insurance coverage for all or part of this hospital stay.
(N.T. 9/24/93, p. 61.) Appellant’s counsel was allowed to see the exhibit before it was read into evidence, and no objection was raised. After the form was read, Dr. Kisloffs testimony continued without objection. Shortly thereafter, appellant’s counsel requested a sidebar and moved for a mistrial because of the reference to insurance. The trial court denied the request. The jury subsequently returned a verdict in favor of Dr. Kisloff. A motion for post-trial relief was denied and this appeal followed.
The only issue presented on appeal is whether the trial court erred in denying appellant’s motion for a mistrial. “In reviewing a trial court’s admission of testimony, this Court will reverse only if there has been an abuse of discretion or error of law.” Dolan v. Carrier Corp., 424 Pa.Super. 615, 618, 623 A.2d 850, 852 (1993). See also Gemini Equipment Co. v. Pennsy Supply, Inc., 407 Pa.Super. 404, 412-13, 595 A.2d 1211, 1215 (1991); Smith v. Brooks, 394 Pa.Super. 327, 334-36, 575 A.2d 926, 930 (1990). In the present case, we find no such abuse or error.
The trial court correctly denied the motion for a mistrial because appellant waived any objection to the contents of the consent form by offering the complete form into evidence and failing to object to its *998 admission when it was read to the jury. The law requires a certain amount of ordinary diligence on the part of counsel in discovering and deleting improper statements before such statements are admitted into evidence. See Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 257-59, 322 A.2d 114, 116 (1974); Jones v. Spidle, 446 Pa. 103, 107-09, 286 A.2d 366, 368 (1971); Snyder v. Golden, 334 Pa.Super. 280, 284-86, 482 A.2d 1335, 1338 (1984). In Jones, the plaintiff offered certain medical records into evidence which contained inadmissible hearsay. In his closing argument, defendant’s counsel read portions of the hearsay statement to the jury. Plaintiffs counsel moved for a new trial based upon the use of the inadmissible hearsay. Jones, 446 Pa. at 104-07, 286 A.2d at 367. The trial court denied the motion and the Supreme Court affirmed, holding that plaintiffs counsel could have easily discovered and deleted the hearsay portions of the record before offering it into evidence. Id. at 107-09, 286 A.2d at 368. The court stated that once evidence is admitted, a motion to have it stricken “will be allowed only in cases where the ground of objection was unknown and could not have been known with ordinary diligence at the time the evidence was received- The matter is within the discretion of the trial judge.” Id. (citing Henry, Pennsylvania Evidence § 738 (1953)). See also 9 Standard Pennsylvania Practice 2d § 56:12 (1982).
In the present ease, appellant’s counsel could have easily discovered and deleted the references to insurance in the consent form. Appellant’s counsel offered the consent form into evidence as part of a file of PUH records. He made no attempt to redact any portion of the form prior to offering it into evidence. In addition, the form was again shown to appellant’s counsel at trial just before Dr. Kisloff read the form into evidence. Once again, no objection was made to the form and no attempt was made to redact any of the language in the form. In light of these failures to use ordinary diligence to discover and delete any improper references, the trial court correctly found that the objection was waived.
Appellant’s reliance on Lobalzo v. Varoli, 409 Pa. 15, 185 A.2d 557 (1962), to support the assertion that the reference to insurance is reversible error, even in the absence of an objection, is misplaced. In Lobalzo, an employee, injured in a car accident while on the job, sued the other party to the accident. At trial, the defendant offered evidence regarding the amount of worker’s compensation that the plaintiff had already received from his employer’s insurance company. The judge compounded the error by telling the jury that if the plaintiff were to recover from the defendant, the employer’s insurance company would be unable to recover funds already paid to the plaintiff, implying that the plaintiff would receive a double recovery. The Supreme Court held that this error was so egregious, it would be reversible error even if the plaintiff had failed to object at trial. Id. at 1, 185 A.2d at 561.
The facts in the present case are easily distinguishable from the facts in Lobalzo. The reference to insurance by Dr. Kisloff was made in passing during the reading of the entire PUH consent form. It was mentioned in the context of a generic standardized form. It never specified that Mrs. Gatto had insurance or, if she did, whether she received any payment for this claim. The innocuous reference to insurance was not highlighted by either the attorney or the judge. There is simply no reason to believe that the jury went into deliberations believing that if appellant won, she would receive a double recovery. On these facts, the failure to object is fatal.[1]
Even assuming arguendo that the objection was not waived, appellant would still have to show that the reference to insurance resulted in some prejudice. The general rule is that evidence of insurance is irrelevant and prejudicial and the presentation of such evidence justifies the grant of a mistrial. Do *999 lan, 424 Pa.Super. at 620-22, 623 A.2d at 853. The mere mention of the word “insurance”, by itself, however, does not necessitate a new trial. Id. Instead, there must be an indication that the party moving for a new trial was prejudiced in some way by the mention of the word “insurance.” Id.; Phillips v. Schoenberger, 369 Pa.Super. 52, 57-60, 534 A.2d 1075, 1078 (1987); Pushnik v. Winky’s Drive In Restaurant, Inc., 242 Pa.Super. 323, 335, 363 A.2d 1291, 1297 (1976).
There is no evidence that appellant was prejudiced by the use of the word “insurance” in Dr. Kisloffs testimony. Dr. Kisloff read the PUH consent form, in its entirety, to the jury. The form was comprised entirely of generic and standardized language. It did not specify whether Mrs. Gatto in fact had insurance. Even more importantly, if any inference could be drawn that Mrs. Gatto had insurance, the consent form did not indicate whether she had been paid on the claim that formed the basis of this lawsuit. Lastly, the references to insurance were not highlighted by either the attorney or the judge. The trial court, in its discretion, concluded that appellant was not prejudiced by the innocuous reference to insurance. We see no evidence indicating an abuse of that discretion. Therefore, the judgment of the trial court must stand.
Order affirmed.

. Additionally, it should be noted that the Lobalzo case was decided before the Supreme Court decided Dilliplaine, where the Court held that a claim will be waived for purposes of appeal if a specific objection is not raised at trial. The Court stated that "there is no excuse for and appellate courts should not encourage less than alert professional representation at trial.” Dilliplaine, supra, 457 Pa. at 258, 322 A.2d at 116.