623 A.2d 850

**Joseph E. DOLAN and Janet M. Dolan, His Wife and Dolan Construction, Inc., Appellants,**

**v.**

**CARRIER CORPORATION and Alltemp Enterprise, Inc.**

**The Most Reverend Thomas J. WELSH, D.D., J.C.D., Appellant,**

**v.**

**CARRIER CORPORATION and Alltemp Enterprise, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1993.

Filed April 23, 1993.

Frederick K. Hatt, Reading, for appellants.

Christine M. Mooney Brenner, Philadelphia, for Carrier Corp., appellee.

Before OLSZEWSKI, TAMILIA and FORD ELLIOTT, JJ.

TAMILIA, Judge:

The plaintiffs, Joseph E. and Janet M. Dolan, Dolan Construction, Inc., and the Most Reverend Thomas J. Welsh, appeal from the June 30, 1992 judgments [1] entered in favor of

1. The separate actions by the Dolans (No. 02780 Philadelphia, 1992) and Reverend Welsh (No. 02781 Philadelphia, 1992) against the appellees were consolidated for purposes of trial as were the respective appeals to this Court.

the defendants, Carrier Corporation (hereinafter Carrier) and Alltemp Enterprise, Inc. (hereinafter Alltemp). The appellants' suit, asserting strict liability, negligence and breach of warranty, alleged a gas furnace manufactured by Carrier and installed by Alltemp was the cause of a fire in a building owned by the Dolans and in which Welsh had stored personal property. Under special verdict the jury found the furnace was not defective and a verdict was entered in favor of appellees. Post-trial motions were denied, judgments were entered and this appeal followed.

■ Appellants present four issues for our consideration beginning with the allegation the trial court erred by allowing Dr. Lewis Mifsud, defendants' expert witness on fire investigations, to exceed the scope of his pre-trial written report and testify regarding a gas regulator valve of the type contained in the furnace involved in the fire. (N.T. 10/25/91, p. 573.)

In reviewing a trial court's admission of testimony, this Court will reverse only if there has been an abuse of discretion or error of law. *Gemini Equipment Co. v. Pennsy Supply, Inc.*, 407 Pa.Super. 404, 595 A.2d 1211 (1991); *Smith v. Brooks*, 394 Pa.Super. 327, 575 A.2d 926 (1990). Upon plaintiffs' objection to Dr. Mifsud's testimony, a side bar was conducted after which the trial court ruled the gas regulator valve was mentioned in Mifsud's written report by inclusive reference to a heating unit component and his testimony was admissible as rebuttal to the testimony of plaintiffs' expert (N.T. 10/25/91, p. 574). Our review of the record and appellants' argument reveals no basis upon which to find the trial court abused its discretion or committed an error of law by allowing Dr. Mifsud's testimony. Accordingly, we find appellants' argument to be without merit.

■ Next, appellants argue the trial court erred by allowing the testimony of Fire Marshall Dolores Lorah regarding the origin of the fire. Specifically, appellant contends it was error to allow Lorah to opine where the fire did *not* originate after she earlier had testified she was unable to state, with a reasonable degree of certainty, the fire's point of origin.

We have considered this argument bearing in mind the previously stated standard of review for the admissibility of testimony and, in the interest of judicial economy, have set forth the trial court's reasoning for denying this argument, adopting it in support of our finding the trial court did not err.

Defendant's expert may not know the precise area of the origin of the fire, but she can testify as to those areas she *eliminated* as the origin. The essence of Lorah's testimony is that while she can't tell the jury where the fire started, she can tell them where it didn't start. There is nothing improper with such testimony when considering the parties' different burdens of proof in this action.

Plaintiffs have the burden of persuading the jury that the fire was caused by Defendant's defective furnace, and therefore, that the fire originated in the area where the furnace was located. Defendant has a right to rebut this evidence by showing that the fire did not start in the area where Plaintiffs say it did. The Fire Marshall could disagree with Plaintiffs' theory of origin, without first identifying the area where the fire did start. Undoubtedly, the Fire Marshall's testimony would be stronger and more persuasive if she could provide the jury with an alternative area of the fire's origin, rather than simply disagreeing with Plaintiffs' proposed origin. If she is unable to determine the fire's origin, however, she is not then disqualified from explaining why Plaintiffs' offered origin is wrong. The weight of her testimony is for the jury to determine.

(Slip Op., Schaeffer, J., 9/9/92, p. 6.)

■ Appellants also argue they are entitled to a mistrial as a consequence of the following inadvertent comment regarding insurance made by defense witness Fire Marshall Lorah.

Q. [Defense counsel] And could you tell the jury, please, the name of those persons? As you can remember them?

A. [Defense witness, Fire Marshall Lorah] I first became involved in the investigation the day following the fire incident. I was out of state at the time of the fire on March 22nd. I believe the date was March 23rd, and I was in the company of Terry Wagner, who is—who was at that particu-

lar time an investigator for the City of Reading's Bureau of Police and worked with the fire department on fire investigations. I believe also that date that—I know that Mr. Dolan was there. I had asked him questions. I believe that Mr. Goetz was also there. Martin Goetz from the Pennsylvania State Police.

Q. And what else can you recall?

A. Okay. On the March 23rd date I believe that Mr. Sterner, Robert Sterner, was also there *and he was an investigator hired by, I believe, the insurance carrier for Dolan.* [emphasis added.]

Q. On the—can you tell the jury whether before that day you'd had any training as a fire investigator?

A. Okay.

MR. KOZLOFF: [Plaintiffs' counsel] Your Honor, may we see the Court at sidebar?

(N.T. 10/24/91, p. 366.) After a side bar discussion, the court denied appellants' request for a mistrial and offered an immediate, curative instruction which plaintiffs' counsel refused.[2] (*Id.* pp. 369–370.)

 Whether a trial court has abused its discretion by refusing a motion for a mistrial must be determined by the circumstances under which the statement was made and the precautions taken to prevent the statement from having a prejudicial effect on the jury. *Clark v. Hoerner,* 362 Pa.Super. 588, 525 A.2d 377 (1987). The general rule in Pennsylvania is that evidence of insurance is irrelevant and prejudicial and justifies the grant of a mistrial. *Paxton Nat. Ins. Co. v. Brickajlik,* 513 Pa. 627, 631, 522 A.2d 531, 533 (1987). The reason is obvious: fact-finders should not be tempted to render decisions based upon the extraneous consideration that an insurance company will actually pay the bill. *Id.* However, the mere mention of the word insurance by a witness does not necessitate a new trial; rather, there must be some

---

2. The record indicates plaintiffs did not request a limited instruction at the close of trial and, because neither party has provided this Court with a transcript of the actual instructions given, we are unable to determine if the jury was charged on the insurance issue.

indication the [movant] was prejudiced. *Phillips v. Schoen-berger*, 369 Pa.Super. 52, 534 A.2d 1075 (1987).

There is no evidence plaintiffs were prejudiced by the fire marshall's inadvertent comment. Immediately after the insurance remark, defense counsel, without hesitation, began a line of questioning concerning the fire marshal's qualifications. At side bar, an immediate curative instruction was offered but refused. Also, at the close of trial, plaintiffs chose not to request a charge on insurance. The prejudice appellants now allege they suffered as a result of the fire marshall's statement obviously garnered potency as time passed. Moreover, the decision in favor of defendants was entered via special verdict wherein the furnace was found not defective thereby precluding all liability. Had the jurors been influenced by Lorah's testimony, and, therefore, arguably swayed to deny damages, according to the special verdict questionnaire the jury had the option to find the furnace defective but not a contributing factor to the fire, obviating money damages. *See Moidel v. Peoples Natural Gas Co.*, 397 Pa. 212, 154 A.2d 399 (1959) (After the introduction into evidence of the plaintiff's tax return which reflected a $100,000 insurance settlement, the jury returned an initial verdict in favor of defendant but with no liability to the plaintiff, an obvious indication they were influenced by the tax return and the related line of questioning.) [3] The circumstances before us do not warrant a mistrial due to prejudicial error.

■ Finally, appellants argue the verdict was against the weight of the evidence. Appellants' argument challenges the credibility of the witnesses and the weight given to their testimony by the jury.

**3.** As further explanation, when this initial verdict was rendered, the court instructed the jury it must find for either Moidel or Peoples. The jurors then retired and returned with the verdict "Peoples Natural Gas Company not guilty. Verdict—favor of Defendant Peoples Natural Gas Company." *Moidel v. Peoples Natural Gas. Co.*, 397 Pa. 212, 217, 154 A.2d 399, 401 (1959). Plaintiff appealed and the Supreme Court reversed, reasoning the owner's evidence was sufficient to present a jury question as to the gas company's negligence.

622

■■■■ The decision whether to grant a new trial on weight of the evidence grounds rests within the discretion of the trial court and that decision will not be disturbed absent an abuse of discretion. *Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111 (1991) *en banc*. To warrant a new trial, the weight of the evidence must be so contrary as to shock one's sense of justice. *Commonwealth v. Hunter*, 381 Pa.Super. 606, 554 A.2d 550 (1989). When a challenge to the weight of the evidence is predicated on the credibility of the trial testimony, this Court's review of the factfinder's verdict is extremely limited. *Commonwealth v. McLean*, 396 Pa.Super. 23, 578 A.2d 4 (1990). The verdict in favor of the defendants indicates the jury chose to believe the opinion of appellees' experts the fire started at the first floor level, below the room in which the allegedly defective furnace was located. We will not disturb the fact-finders' decision on this issue.

Based on the foregoing reasons of law and fact, we affirm the judgments entered on June 30, 1992 in favor of the appellees.

Judgments affirmed.