**ALLIED ELECTRICAL SUPPLY CO., Appellee,**

v.

**Craig T. ROBERTS, Individual and t/a and/or d/b/a Green County Pottery Works, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 2002.
Filed April 22, 2002.

Pamela V.C. Collis, Pittsburgh, for appellant.

Stephen L. Barker, Philadelphia, for appellee.

BEFORE: JOHNSON, BENDER and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 This is an appeal from the Order entered August 16, 2001, in the Greene

* Retired Justice assigned to Superior Court.

County Court of Common Pleas, granting Appellee/Plaintiff's motion for a new trial. For the reasons set forth below, we reverse and remand for reinstatement of the jury verdict in favor of Appellant/Defendant.

¶ 2 Appellant and Appellee each leased one-half of a commercial building located on East High Street in Waynesburg, Pennsylvania.[1] At approximately 6:00 p.m. on March 18, 1998, after Appellee's normal business hours, a fire broke out in Appellant's half of the building. The owner, Appellant Craig Roberts, was trapped in the store until two pedestrians heard his calls for help and broke down the locked outside door.

¶ 3 Appellee filed this negligence action to recover for damages and loss of business incurred as a result of the fire.[2] Prior to trial, the parties stipulated to the amount of damages, and proceeded to a jury trial solely on liability.

¶ 4 During the second day of trial, Appellant called volunteer firefighter Fred Simpson to the stand. In addition to being one of the first firefighters to arrive on the scene, Simpson had been to Appellant's shop earlier that afternoon to pick up a mug his daughter had designed for him in one of Appellant's pottery classes. During the course of the direct examination the following exchange took place:

Q. Did you ever talk to Attorney Barker [Appellee's attorney] about this case?

A. Yes, Mr. Barker telephoned me and I spoke to him on the phone. And when I spoke to him on the phone I don't remember the day, and I **don't recall if he identified himself as the attorney for the insurance company for Allied Electric [Appellee].**

Q. Did you ever, when was that, that you talked to Attorney Barker?

A. I don't recall. It was before March 1st. and I had forgotten, it had to have been some time quite a ways before March 1st. because I had forgotten that we talked and when I met him on March 1st. he refreshed my memory.

Q. He was at the deposition?

A. Yes.

Q. And that deposition was with Pam Collis from my office, who is an attorney and Mr. Barker, is that correct?

A. And a court reporter.

Q. That is all I have.

(N.T., 4/23–24/01, at 315–16) (emphasis added). Appellee raised no immediate objection when Simpson mentioned insurance, but rather waited until after Simpson's testimony was completed, when the court took a short recess. In response to Appellee's concern, the trial court included a curative instruction in its charge to the jury. After the jury was excused for deliberations, Appellee moved for a mistrial based on the reference to insurance, which the court promptly denied.

¶ 5 The jury returned a verdict for Appellant, specifically finding no negligence. Appellee filed a timely post trial motion, challenging the trial court's denial of both the motion for a mistrial and a pretrial

1. Appellant Craig Roberts operated a sole proprietorship, Greene County Pottery Works, from this location.

2. In actuality, this suit was a subrogation action on behalf of Appellee's insurance company. Pursuant to Pa.R.C.P.2002(d), an insured "is permitted to proceed in [its] own name ... without joining the subrogated insurer for whose benefit the action was brought." *Hillworth v. Smith,* 624 A.2d 122 (Pa.Super.1993).

motion in limine to preclude the testimony of Appellant's expert. The trial court agreed that it erred in denying a mistrial and, by Order dated August 16, 2001, awarded a new trial. This timely appeal follows.

¶ 6 Appellant raises the following two related issues on appeal:

    I.   WHETHER APPELLEE WAIVED ITS RIGHT TO OBJECT TO THE INSURANCE REFERENCE BY FAILING TO OBJECT AT THE TIME THE REFERENCE WAS MADE?

    II.  WHETHER THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR POST–TRIAL RELIEF AND AWARDING A NEW TRIAL DUE TO A NON–PARTY'S REFERENCE TO INSURANCE DURING TRIAL?

(Appellant's Brief at 4). Because we conclude that Appellee failed to object in a timely manner, we reverse the trial court's order granting a new trial.

■ ¶ 7 "It is well settled that in reviewing an order to grant a new trial our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634, 636 (1995). In the present case, the trial court concluded that Appellee was entitled to a new trial because Appellant's witnesses injected the issue of insurance into the trial. "The general rule in Pennsylvania is that evidence of insurance is irrelevant and prejudicial and justifies the grant of a mistrial." *Dolan v. Carrier Corp.,* 424 Pa.Super. 615, 623 A.2d 850, 853 (1993) (citing *Paxton Nat. Ins. Co. v. Brickajlik,* 513 Pa. 627, 522 A.2d 531, 533 (1987)). *See* Pa.R.E. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or

otherwise wrongfully."). However, the mere mention of the word insurance does not necessitate a new trial unless the aggrieved party can demonstrate prejudice. *Phillips v. Schoenberger,* 369 Pa.Super. 52, 534 A.2d 1075, 1078 (1987) (citing *Pushnik v. Winky's Drive In Restaurants,* 242 Pa.Super. 323, 363 A.2d 1291, 1297 (1976) (*en banc*)).

■ ¶ 8 Appellant first argues that Appellee waived any challenge to the testimony by failing to make a timely objection during trial. "It is axiomatic that, in order to preserve an issue for review, litigants must make **timely** and specific objections during trial and raise the issue in post-trial motions." *Harman ex. rel. Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116, 1124 (2000) (emphasis added). Although the decision to grant or deny an untimely objection lies within the discretion of the trial court, *id.,* we find that the court abused its discretion here.

¶ 9 In the present case, Appellee's counsel did not object immediately after Appellant's witness mentioned insurance; rather, he waited until after Appellant finished the direct examination, after he conducted a cross examination, and after a brief redirect and recross. At that point, the court took a short recess during which time both attorneys approached the bench, and Appellee's counsel purportedly objected to the testimony. Unfortunately, this bench conference was not transcribed. Although Appellee claims he moved for a mistrial at that time (Appellee's Brief at 3 n. 1), the trial judge does not remember such a motion. (Trial Ct.Op. at 2). Instead, the judge recalls that they discussed a curative instruction, which he subsequently gave during the jury charge. *See* N.T., 4/23–24/01, at 393 ("There was some mention of insurance in this case and the fact that one or both of the parties may or may not be

covered by a policy of insurance is of absolutely no relevance to you in this matter.").

¶ 10 Appellee argues that its objection, although not immediate, was timely, in that it gave the trial court the opportunity to correct the error. *See Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114, 115 (1974). Appellee explains that it did not object immediately for two reasons: (1) it did not want to draw further attention to the testimony, and (2) the comment was isolated, so there was no continuing wrongdoing by the witness. *See* Appellee's Brief at 3. The trial court agreed, concluding that the "slight delay" between the testimony heard midmorning and the motion for mistrial requested midafternoon, did not render the objection untimely. (Trial Ct.Op. at 3).

¶ 11 We disagree. In order to preserve an issue for appellate review, an aggrieved party must make a **timely** and specific objection. *Harman, supra* at 1124. Here, Appellee failed to object to Simpson's reference to insurance when it was uttered, but rather waited until after Simpson had completed his testimony on direct, cross, redirect and recross. This was too late. *See Wilkerson v. Allied Van Lines, Inc.*, 360 Pa.Super. 523, 521 A.2d 25, 30 (1987), *appeal dismissed as improvidently granted*, 518 Pa. 61, 540 A.2d 268 (1988), *cert. denied*, 488 U.S. 827, 109 S.Ct. 78, 102 L.Ed.2d 54 (1988) (finding objection to witness' hearsay testimony during direct examination untimely when appellant's counsel failed to object until after he had begun cross examination). Moreover, as our Supreme Court stated in *Harman, supra*,

"[w]hile we can accept counsel's concern about further alerting the jury, we find no justification for counsel's inertia." *Id.* at 1126 (finding objection untimely when appellant's counsel failed to object to trial court's off-the-record conversation with appellee's expert until one hour after incident, even though court entertained motions on other issues during intervening recess). Accordingly, because Appellee failed to lodge a timely objection to Simpson's testimony, the trial court should have found the issue waived.[3]

■ ¶ 12 Moreover, even if we were to consider Appellant's objection timely, we note that counsel failed to request a mistrial until after the jury was excused for deliberations. According to the court's recollection of the bench conference, Appellee's counsel did not specifically request a mistrial but rather, discussed a curative instruction. (Trial Ct.Op. at 2–3). Indeed, it is unknown whether Appellee asked the court to strike the testimony, or whether the court actually sustained the objection. However, what is clear is that Appellee first requested a mistrial only after all the testimony was completed and the jury was charged. Again, this was too late. *Compare Factor v. Bicycle Technology Inc.*, 550 Pa. 500, 707 A.2d 504, 506–07 (1998) (declining to waive request for mistrial when appellants lodged timely objection to improper testimony and moved to have it stricken from record; "[t]he trial court's refusal to grant the lesser remedy of sustaining ... objection and striking ... testimony relieved [Appellants] of a duty to

3. Appellee's reference to an exception to the waiver doctrine in cases where the "alleged error involved the conduct of the Trial Court in overseeing the trial" is clearly irrelevant here. (Appellee's Brief at 6) (citing *Commonwealth v. Hammer*, 508 Pa. 88, 494 A.2d 1054 (1985); *Dimonte v. Neumann Medical Ctr.*, 751 A.2d 205 (Pa.Super.2000)). In those cases, the trial judge himself acted inappropriately during the proceedings; thus, an objection would have required counsel to "directly challenge the authority of the court by suggesting the judge is deficient in his duties." *DiMonte, supra* at 209. Here, counsel failed to object to a witness' testimony.

move for the greater remedy of a mistrial.").

∎ ¶ 13 In his second issue, Appellant argues that the court erred in granting a new trial based on Simpson's fleeting reference to insurance. Because we have concluded that Appellee failed to lodge a timely objection to the testimony, we need not address this issue. However, if we were to consider this claim, we would agree with Appellant. The mere mention of the word insurance does not necessitate a new trial unless the aggrieved party can demonstrate prejudice. *Phillips, supra* at 1078. Here, the trial court found that the comment was inadvertent, and not intentionally elicited by Appellant. Although the remark was not ambiguous and clearly referred to Appellee's counsel as an attorney for Appellee's insurance company, we disagree with the trial court that the jury would conclude from this brief remark that: "(1) [Appellee's] loss was insured; (2) [Appellee] had been paid for its loss; and (3) [Appellee's] insurance carrier was trying to recover that payment from [Appellant], who it deemed responsible for the fire." (Trial Ct.Op. at 4). Moreover, as this Court noted in *Dolan v. Carrier Corp.*, 424 Pa.Super. 615, 623 A.2d 850 (1993):

Had the jurors been influenced by [Simpson's] testimony, and, therefore, arguably swayed to deny damages, according to the special verdict questionnaire the jury had the option to find [Appellant negligent] but not a contributing factor to the fire, obviating money damages.

*Id.* at 853. It did not do so here, as the jury specifically found no negligence. Thus, Appellee failed to demonstrate that it was prejudiced by the witness' comment.

¶ 14 Order reversed; case remanded for reinstatement of jury verdict; jurisdiction relinquished.