**Farda v. Chelsea Property Group Inc.**

C.P. of Philadelphia County, May Term 2004, no. 926.

*Stephen Harvey,* for plaintiffs.
*Marc Sonnenfeld,* for defendants.

BERNSTEIN, *J.,* April 18, 2006—And now April 18, 2006, the motion of defendants Chelsea Property Group Inc. and CPG Partners L.P. to depose experts is hereby granted in part and denied in part.[1] As to expert Pocalyko, defendants' request for deposition is denied. As to experts Richard F. Wolf and Reaves C. Lukens Jr., said motion is granted.

Pennsylvania Rule of Civil Procedure 4003.5 requires, in response to expert interrogatories, the expert to "state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." The response, whether by report or answer to interrogatories, must provide the opposing party with sufficient information to avoid surprise at trial and permit appropriate pretrial preparation, including the filing of warranted pretrial motions. "The purpose of this provision is to avoid unfair surprise by enabling the adversary to prepare a response to expert testimony." We must ask the overreaching question, which is whether the purpose of Rule 4003.5 is being served. We are guided by the following: "Whether the report provides sufficient notice of the expert's theory to enable the opposing party to prepare. . . ." *Feden v. Consolidated Rail Corporation,* 746 A.2d, 1158, 1162 (Pa. Super. 2000).

The expert report of Wolf and Lukens fails to describe all material considered and therefore fails to identify the

---

1. A motion to compel expert deposition should be so designated and not designated as "motion for extraordinary relief." A motion for extraordinary relief is only to be used for extending case management deadlines.

substance of the facts to which the expert is expected to testify and fails to provide the basis for the opinions expressed. The report specifically states: "We have met with Samuel M. D'Alessandro PLS, PE, PP and president of R.K.R. Hess Associates. We have discussed various developmental issues with him and conclude that the proposed project has or could have received all of the necessary approvals to be constructed. Further, he indicated that the site could support the proposed improvements." The report further explains: "We have interviewed Ms. Sherri Reems of PNC Bank regarding the anticipated financing of the proposed project. According to her, the project would have qualified for financing when 70 percent of the space was pre-leased. We believe this is true." The expert conclusions further rely upon: "Various data on the surrounding Pocono real estate market were gathered. Numerous published transactions including comparable properties were reviewed. We have also spoken to local brokers and appraisers." Having failed to fully identify the factual basis on which the opinion has been rendered, the report has not complied with Rule 4003.5(a)(1)(b), which requires "a summary of the grounds for each opinion."

These experts propose to testify on the basis of one or more meetings and discussions with Samuel M. D'Alessandro, PLS, PE, PP and president of R.K.R. Hess Associates, one or more interviews with Ms. Sherri Reems of PNC Bank and undisclosed conversations with unidentified "local brokers and appraisers." Reliance upon this material and conversations as a basis for opinion testimony is proper pursuant to Pa.R.E. 703[2] if of a type rea-

2. Rule 703 reads in pertinent part: "The facts or data in the particular case upon which an expert bases an opinion or inference may be those . . . made known to the expert . . . before the hearing. If of a type

sonably relied upon for forming opinions for purposes other than litigation.[3]

However, defendant has a right to challenge inappropriate expert opinion pretrial. Defendant may challenge pretrial the methodology used by an expert.[4] Defendant may challenge pretrial whether an otherwise appropriate methodology is appropriate to or "fits" the question for resolution by the jury.[5]

The defendant may challenge pretrial and in cross-examination whether the expert has really applied expertise to the issue or is merely parroting what others have said. An expert may not act as "a mere conduit or transmitter of the content of an extrajudicial source. An 'expert' should not be permitted simply to repeat another's opinion or data without bringing to bear on it his own expertise and judgment. Obviously, in such a situation, the non-testifying expert is not on the witness stand and truly is unavailable for cross-examination. . . . Where . . . the expert uses several sources to arrive at his or her opinion, and has noted the reasonable and ordinary reliance on similar sources by experts in the field, and has coupled this reliance with personal observation, knowledge and [expertise], we conclude that the expert's testimony should be permitted." *Primavera v. Celotex Corporation,* 415 Pa. Super. 41, 52-53, 608 A.2d 515, 521 (1992).

---

reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

3. See *Gunn v. Grossman,* 748 A.2d 1235 (Pa. Super. 2000); *Commonwealth v. duPont,* 730 A.2d 970 (Pa. Super. 1999) and *Milan v. PennDOT,* 153 Pa. Commw. 276, 620 A.2d 721 (1993).

4. *Grady v. Frito-Lay,* 576 Pa. 546, 839 A.2d 1038 (2003).

5. *Grady v. Frito-Lay,* 576 Pa. 546, 839 A.2d 1038 (2003).

The Commonwealth Court has precluded the testimony of a real estate appraisal expert where his opinion merely parroted opinions of others on issues about which he was unqualified to evaluate. In *Luzerne County Flood Protection Authority v. Reilly,* 825 A.2d 779 (Pa. Commw. 2003), the Commonwealth Court explained that Rule 703 assumes the expert has the ability to evaluate the trustworthiness of data since it is the kind of data routinely relied upon to practice their profession. The court explained that: "the above analysis depends, of course, on the expert actually acting as an expert and not a mere conduit or transmitter of the content of an extrajudicial source. An expert should not be permitted simply to repeat another's opinion or data without bringing to bear on it his own expertise or judgment. Obviously, in such a situation, the non-testifying expert is not on the witness stand and truly is unavailable for cross-examination." *Id.* at 784 (quoting *Primavera*). In *Beaumont v. ETL Services Inc.,* 761 A.2d 166 (Pa. Super. 2000), the Superior Court stated the same proposition differently: "The law in Pennsylvania is clear, an expert is permitted to express opinions formulated, in part, upon materials which are not in evidence, but which are customary [sic] relied upon by experts in the particular field. The expert may incorporate a non-testifying expert's findings into his own express opinion, however, he is not permitted to merely restate another's conclusions without espousing his own expertise and judgment." *Id.* at 171 n.8.

The defense may also challenge pretrial and in cross-examination whether the opinions are factually grounded in factual materials "of records." [6] "The salient facts re-

---

6. Rule 705 requires an expert to testify as to "the facts or data on which the opinion or inference is based."

lied upon as the basis of the expert opinion must be in the record so the jury may evaluate the opinion."[7] Most recently, in *Folger v. Dugan,* 876 A.2d. 1049 (Pa. Super 2005) the Superior Court said: "Expert opinion testimony is proper if the facts upon which it is based are of record. This requirement for admissibility of opinion testimony is crucial. The purpose of expert testimony is to assist the fact-finder in understanding issues which are complex or go beyond common knowledge. . . . If a jury disbelieves the facts upon which the opinion is based the jury undoubtedly will disregard the expert's opinion. Likewise, if a jury accepts the veracity of the facts which the expert relies upon, it is more likely that the jury will accept the expert's opinion. At the heart of any analysis is the veracity of the facts upon which the conclusion is based." *Id.* at 1058.

Numerous other appellate court decisions have rejected expert opinion testimony not appropriately grounded on facts of records. In *Viener v. Jacobs,* 834 A.2d 546 (Pa. Super. 2003), expert evaluation testimony was precluded because that expert's factual understanding was not supported by evidence of record. The Superior Court in *Viener* said: "It is well settled that expert testimony is incompetent if it lacks an adequate basis in fact." *Id.* at 558. In *Jones v. Wilt,* 871 A.2d. 210 (Pa. Super. 2005), expert opinion grounded in facts not supported by any evidence as to the intent of the decedent was precluded, saying: "It is well settled law . . . that an expert may not express his opinion upon facts which are not warranted in the record regardless of the expert's skill and experience." *Id.* at 215. Most recently, in *Kelly v. Thackray,* 874 A.2d 649 (Pa. Super. 2005),

---

7. See *Kozak v. Struth,* 515 Pa. 554, 531 A.2d. 420 (1987); *Commonwealth v. Rounds,* 518 Pa. 204, 542 A.2d 997 (1988).

expert testimony was rejected in a products liability case because it was grounded in the understanding that defendants had control of the rigging and hoisting. Since there was no evidence that the defendant had such control, the facts did not support the expert's assumptions and the opinion was stricken. Finally, in *Hutchinson v. Penske Truck Leasing Company,* 876 A.2d 978 (Pa. Super. 2005), expert testimony as to the crashworthiness of the cab of a truck was grounded upon National Highway Traffic Safety Administration Reports, University of Michigan Transportation Research Institute reports and Society of Automotive Engineers Reports. The testimony was stricken because there was no demonstration that any of the accidents or vehicles which formed the factual basis for these reports were similar to the accident before the court.

While this basic principle of law that an expert opinion has value only if the jury accepts the facts on which it is based[8] has received renewed interest subsequent to adoption of the Rules of Evidence, it is not a new concept in Pennsylvania law. In 1998 the Supreme Court rejected expert testimony that a bicycle was defective because the bicycle which the expert had examined had been materially altered following the accident.[9]

Without knowing the content of the conversations noted in the expert reports and the manner in which that information was utilized, the defense cannot know before trial has begun whether the experts are expressing their own opinions or merely parroting what others have told them. The

8. Standard Civil Jury Instruction 5.31.

9. See *Factor v. Bicycle Technology Inc.,* 550 Pa. 500, 707 A.2d 504 (1998). It is also obvious that an expert may not bootstrap facts into the record through analysis or opinion. See *Commonwealth v. Smith,* 580 Pa. 392, 861 A.2d 892 (2004).

defense also has a pretrial right to plan its cross-examination. To properly prepare for trial and avoid inadvertently allowing these experts to present impermissible and prejudicial hearsay, the defense has a right to learn the complete factual basis upon which opinion testimony is based. This is the purpose of Pa.R.C.P. 4003.5. Because the conversations reported as a basis for opinion reveal no content, the defendant is unable to file appropriate pretrial motions or prepare for trial. Accordingly, defendants' motion for deposition is granted limited to the content and use of all factual material upon which experts Wolf and Lukens base their opinions as expressed in their expert report.