J-S07032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JESSICA KARSKO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PAUL KRULICK AND VERONICA KRULICK | |
| Appellees | No. 827 MDA 2014 |

Appeal from the Judgment Entered June 20, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 08785-C of 2011

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                   **FILED JUNE 01, 2015**

Jessica Karsko appeals from the judgment entered in the Luzerne County Court of Common Pleas on June 20, 2014 in favor of Paul Krulick and Veronica Krulick (collectively, "Krulick") in this negligence lawsuit.  On appeal, Karsko claims the court erred and/or abused its discretion in admitting evidence of Krulick's insurance coverage and in denying her post-trial motion.  Based on the following, we affirm.

The facts and procedural history are as follows.  On July 6, 2009, a vehicle, driven by Paul Krulick, struck the rear end of a vehicle, operated by Karsko, while Karsko's car was stopped at a red light.  Karsko filed a complaint on January 13, 2012, alleging personal injuries as a result of the accident.  The matter proceeded to a jury trial, and a verdict was entered on October 29, 2013, in which the jury found Krulick was negligent but his

negligence was not the factual cause of Karsko's injuries. **See** Jury Verdict Slip, 10/29/2013. Karsko filed a motion for post-trial relief on November 8, 2013, alleging the verdict was against the weight of the evidence. The trial court denied the motion on April 11, 2014, and entered judgment in favor of Krulick on June 20, 2014. This timely appeal followed.[1]

On appeal, Karsko raises two arguments, which we will address together. First, she contends the court erred in admitting a statement at trial regarding Krulick's insurance coverage because it violated Pennsylvania Rule of Evidence 411.[2] Karsko's Brief at 10. By way of background, on direct examination, the following exchange occurred between Krulick and his counsel:

> Q. And there was a collision?
>
> A. Yes, sir, there was.
>
> Q. And at the scene did you get out of the vehicle?

_____

[1] The court did not order Karsko to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b), but did issue an opinion under Pa.R.A.P. 1925(a) on July 9, 2014.

[2] Rule 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Pa.R.E. 411.

A. Yes, I did.

Q. Okay. Were you on your cell phone when this happened?

A. Well, for the record, I have a different recollection of that. The immediate thing I did was to approach the people of the other vehicle and make sure they were okay, which they were. Mrs. Karsko got out of [the] car. There was [sic] two children in the backseat. There was a male passenger in the front seat. I extended my condolences to that male passenger, and he kind of didn't want anything to do with me. **And [Karsko's] first words were, You better call the cops, and I hope you have insurance.**

Q. Okay. To that point, from the time you were driving on Oak Street to the time of the impact, were you on your cell phone at all?

A. No.

N.T., 10/29/2013, at 6-7 (emphasis added).

Karsko notes Rule 411 prohibits the introduction of liability insurance into evidence. Karsko's Brief at 10. She states Krulick's account "was not an inadvertent, slight mention of insurance[,]" but rather, "[i]t was an intentional statement made to put [her] in a bad light with the jury, implying that her seeking of damages was premeditated and based on untruths." *Id.* at 12. Moreover, Karsko contends the mention of the word, "insurance," prejudiced her because while the jury found Krulick was negligent in the operation of his vehicle, it determined his actions did not cause her injuries. *Id.* Karsko claims this leads into her second argument, that the verdict was against the weight of the evidence based on the following: (1) she was taken to the hospital after the accident and treated; (2) she had to have five

weeks of physical therapy; and (3) her expert witness, a chiropractor, testified that her injuries were caused by the accident. *Id.* at 12-13. As such, Karsko asserts Krulick's "disputed statement about the existence of insurance was clearly prejudicial to her case and was the reason the jury did not believe her claim of injuries and damages." *Id.* at 13. She concludes the statement at issue could not be corrected with a limiting jury instruction and therefore, a new trial is warranted.

> "It is well settled that in reviewing an order to grant a new trial our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634, 636 (Pa. 1995) …. "The general rule in Pennsylvania is that evidence of insurance is irrelevant and prejudicial and justifies the grant of a mistrial." *Dolan v. Carrier Corp.*, 424 Pa. Super. 615, 623 A.2d 850, 853 (Pa. Super. 1993) (citing *Paxton Nat. Ins. Co. v. Brickajlik*, 513 Pa. 627, 522 A.2d 531, 533 (Pa. 1987)). *See* Pa.R.E. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."). However, the mere mention of the word insurance does not necessitate a new trial unless the aggrieved party can demonstrate prejudice. *Phillips v. Schoenberger*, 369 Pa. Super. 52, 534 A.2d 1075, 1078 (Pa. Super. 1987) (citing *Pushnik v. Winky's Drive In Restaurants*, 242 Pa. Super. 323, 363 A.2d 1291, 1297 (Pa. Super. 1976) (*en banc*)).

*Allied Elec. Supply Co. v. Roberts*, 797 A.2d 362, 364 (Pa. Super. 2002), *appeal denied*, 808 A.2d 568 (Pa. 2002).

Here, we find Karsko's arguments are waived for several reasons. First, in reviewing the testimony, it is clear that Karsko waived any challenge to the testimony at issue by failing to make a timely objection during trial. *See* N.T., 10/29/2013, at 6-7. "It is axiomatic that, in order to preserve an

issue for review, litigants must make timely and specific objections during trial and raise the issue in post-trial motions." **Harman ex. rel. Harman v. Borah**, 756 A.2d 1116, 1124 (Pa. 2000). The "decision to grant or deny an untimely objection lies within the discretion of the trial court[.]" **Allied Elec. Supply Co.**, 797 A.2d at 364 (citation omitted). Moreover, "[i]t is well established that trial judges must be given an opportunity to correct errors at the time they are made." **Commonwealth v. Strunk**, 953 A.2d 577, 579–580 (Pa. Super. 2008). "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." **Id**. As such, Karsko did not properly preserve the evidentiary issue.[3]

Second, to the extent Karsko argues she was prejudiced by this testimony and that the verdict is against the weight of the evidence, we note she only requested that a portion of the trial transcript, specifically, Krulick's testimony, be reproduced for appellate review. **See** Order/Request for Transcript, 5/9/2014. In order for this Court to address her claims and

---

[3] Furthermore, even if the claim were not waived, we agree with the trial court's finding that Krulick "was merely quoting or paraphrasing what [Karsko] had said to him immediately following the accident, i.e. 'you better call the cops, and I hope you have insurance.' This statement is clearly not the type of evidence that Pa.R.E. 411 renders inadmissible." Trial Court Opinion, 7/9/2014, at 2. It is evident that this was a mere mention of insurance and did not amount to anything more. **See also O'Donnell v. Bachelor**, 240 A.2d 484, 487 (Pa. 1968) ("While, of course, we have ruled that a gratuitous reference to personal liability insurance in personal injury cases is ground for a mistrial, we have never said that the mention of insurance, *per se*, like dynamite with a live fuse, will blow up the case.").

conduct a meaningful review, it is necessary that we have the transcript *in toto* of the October 29, 2013, trial. Karsko's failure to include the whole transcript of proceedings in the certified record on appeal is in contravention of Pa.R.A.P. 1921 ("the original papers filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record in appeal in all cases"). "It is well established in this Commonwealth that it is the appellant's responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal." ***Commonwealth v. O'Black***, 897 A.2d 1234, 1238 (Pa. Super. 2006) (citation and quotation marks omitted). To this extent, we are unable to review Karsko's arguments on appeal because we do not have an adequate record. Therefore, her claims are waived. ***See O'Black***, 897 A.2d at 1239.

Judgment affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2015