J-A04033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIKA STEUDLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1407 EDA 2018 |
| KIRKLAND KEATING | : | |

Appeal from the Judgment Entered April 20, 2018
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 8795 CV 2013, 8856 CV 2013

| | | |
|---|---|---|
| MARIA CAMACHO, ADMINISTRATRIX TO THE ESTATE OF VICTOR ANGEL RESTO, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | No. 1427 EDA 2018 |
| | : | |
| KIRKLAND KEATING | : | |

Appeal from the Judgment Entered April 20, 2018
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 8795-CV-2013, 8856-CV-2013

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 06, 2019**

These are consolidated appeals filed by plaintiffs Erika Steudler and

Maria Camacho, Administratrix of the Estate of Victor Angel Resto (Decedent)

(collectively, Plaintiffs) from judgments entered by the Court of Common Pleas

_____
\* Retired Senior Judge assigned to the Superior Court.

of Monroe County in favor of the defendant Kirkland Keating (Defendant) on jury verdicts in a personal injury action and a wrongful death and survival action. For the reasons set forth below, we affirm.

The two actions arose out of a vehicle-pedestrian collision that occurred at approximately 10:00 p.m. on October 19, 2011 when Steudler and Decedent were walking together along an unlit road. Defendant's sport utility vehicle (SUV) hit Decedent and he later died from his injuries. Defendant's SUV did not collide with Steudler.

The two actions were consolidated in the trial court and tried together in November 2017. At trial, Steudler, Defendant and the police officer who came to the scene of the accident testified. In addition, Plaintiffs and Defendant called accident reconstruction expert witnesses. The time of the collision was undisputed and it was undisputed that Decedent and Steudler were walking in the dark without any flashlight on the same side of a two-lane road as vehicles traveling the same direction, with their backs to approaching traffic. N.T., 11/28/17, at 50, 55, 106-08, 119. Other facts concerning where Decedent and Steudler were walking, Defendant's driving, and the weather and visibility conditions at the time of the accident were disputed. Defendant testified that he was driving on the road between the yellow and white lines when he hit Decedent. *Id.* at 185-87. Defendant testified that he did not see Decedent before the accident and that the passenger side of the front of his SUV collided with Decedent. *Id.* at 151, 154-57. Defendant and the police

officer both testified that the road where the accident occurred was a dark road without significant street lights and that it was raining heavily at the accident scene. *Id.* at 148-52, 158, 182-83, 214-16. The police officer testified that Decedent was wearing dark clothing. *Id.* at 221-22. The police officer also testified that he found no tire marks or other markings indicating that Defendant's vehicle went off the road, that he found one of Decedent's shoes lying partially on the white line of the road, and that the collision threw Decedent to the right, away from the road. *Id.* at 206-07, 211, 220-21, 226-27, 230. Defendant's expert opined that Decedent was walking on the road itself at the time of the accident, based on Steudler's testimony as to how she and Decedent were walking and the width of the shoulder where Defendant and the police officer testified that the accident occurred. N.T., 11/29/17, at 118-19, 122-25.

The cases were submitted to the jury on verdict sheets that asked the jury to determine first, whether Defendant was negligent; second, whether Defendant's negligence was "a factual cause in bringing about harm to" Steudler or Decedent; and then to address comparative negligence and damages only if the answers to both of those first two questions were "yes." Trial Court Record Item 112 Ex. A; N.T., 11/29/17, at 247-50. The jury was also instructed that Plaintiffs, if they proved that Defendant was negligent, had the additional burden of proving that Defendant's negligence caused their harm. N.T., 11/29/17, at 232, 241-43. Plaintiffs made no objection to this

instruction or to the verdict sheets and did not contend when the cases were sent to the jury that causation was undisputed or that the jury was required to find causation if it found negligence. *Id.* at 158-68, 253.

The jury returned unanimous verdicts finding that Defendant was negligent, but that his negligence did not cause harm to Decedent and Steudler, and, in accordance with the trial court's instructions, the jury did not answer the other questions on the verdict sheet. N.T., 11/29/17, at 254-56; Trial Court Record Item 112 Ex. A. Plaintiffs filed timely post-trial motions seeking a new trial. The trial court denied the post-trial motions and entered judgment on the jury verdict in both cases. These appeals from the judgments on the jury verdicts followed.

In this Court, Plaintiffs argue that the trial court was required to grant a new trial on the ground that the verdicts were against the weight of the evidence.[1] We do not agree.

Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in denying a new trial, not whether the verdict, in this Court's opinion, is against the weight of the evidence. *Corvin v. Tihansky*, 184 A.3d 986, 992

---

[1] While Decedent's Estate lists three issues in its statement of the questions involved, all are arguments that a new trial was required because the verdict that Defendant was negligent but that his negligence was non-causal was contrary to the evidence.

(Pa. Super. 2018); *In re Estate of Smaling*, 80 A.3d 485, 490 (Pa. Super. 2013) (*en banc*).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence ….

*Corvin*, 184 A.3d at 992 (quoting *Phillips v. Lock*, 86 A.3d 906 (Pa. Super. 2014)). The trial court here thoroughly considered whether the jury's verdicts were against the weight of the evidence and concluded that they were not because the issues of both negligence and causation were disputed and the evidence was conflicting. Trial Court Opinion at 3-13.

Plaintiffs argue that the jury could not have reasonably found that Defendant's negligence was non-causal because it was undisputed that the accident fatally injured Decedent and that Steudler suffered some emotional distress from the accident. A verdict for the defendant on causation grounds can be set aside as contrary to the weight of the evidence where the evidence at trial was undisputed that defendant's negligence caused some injury to the plaintiff or where the jury finds the defendant negligent, there was no evidence of any other possible cause of the accident, and it was undisputed that the accident injured plaintiff. *Bostanic v. Barker-Barto*, 936 A.2d 1084, 1088 (Pa. Super. 2007) (defendant's expert conceded liability for the accident); *Kraner v. Kraner*, 841 A.2d 141, 143-46 (Pa. Super. 2004) (jury found defendant driver negligent in single-vehicle accident and it was

undisputed that plaintiff passenger suffered some injury in that accident); ***Smith v. Putter***, 832 A.2d 1094, 1096, 1098-99 (Pa. Super. 2003) (defendant conceded that he negligently ran a stop sign and hit plaintiff's vehicle and some injury from collision was undisputed); ***Campagna v. Rogan***, 829 A.2d 322, 324, 328-30 (Pa. Super. 2003) (jury found that defendant was negligent, defendant conceded that he caused the accident, and defendant's medical expert conceded that plaintiff suffered some injury in the accident); ***Andrews v. Jackson***, 800 A.2d 959, 960, 962-65 (Pa. Super. 2002) (negligence was undisputed and only dispute was extent of plaintiff's injuries from accident caused solely by defendant).

A new trial, however, cannot be granted on the ground that the verdict was against the weight of the evidence if the evidence at trial was conflicting and the jury could have decided in favor of either party. ***Corvin***, 184 A.3d at 993. If there is any support in the record for the trial court's denial of a motion for a new trial based on weight of the evidence grounds, this Court must affirm. ***Id.*** at 992-93. A verdict that the defendant was negligent and that his negligence did not harm the plaintiff cannot be set aside as contrary to the weight of the evidence simply because it was undisputed that the accident injured the plaintiff, if the defendant's negligence and its causal relationship to the accident were in dispute and there was evidence from which the jury could find that the defendant's negligence did not cause the accident. ***Koziar v. Rayner***, ___ A.3d ___, ___, 2018 PA Super 331, *8-*14 (filed Dec. 7, 2018)

(grant of new trial on weight of the evidence grounds was reversible error, even though defendants were found negligent and defendants conceded that plaintiff was injured in her fall, because jury could have found that plaintiff's negligence and not defendant's negligence caused the fall); **_Daniel v. William R. Drach Co._**, 849 A.2d 1265, 1268-73 (Pa. Super. 2004) (affirming denial of new trial where jury found defendant negligent and it was undisputed that plaintiff was injured because jury could have found that plaintiff's injury was caused by his losing control of the drum he was rolling rather than by the oily, wet surface of the floor for which defendant was responsible).[2]

Here, both negligence and the cause of the accident were contested and the evidence at trial was conflicting. Evidence was introduced from which the jury could conclude that Decedent was on the road itself, not on the shoulder, when the accident occurred and could not be seen by a reasonably attentive, non-negligent driver. The finding that Defendant was negligent was

_____

[2] Steudler asserted at oral argument that **_Daniel_** is distinguishable because the verdict sheet in **_Daniel_** allegedly asked whether the defendant's negligence caused the accident and the verdict sheets here asked whether Defendant's negligence caused harm. That argument is without merit. Nothing in this Court's opinion in **_Daniel_** indicates that the verdict sheet asked whether the defendant's negligence caused the accident. To the contrary, this Court described the jury's verdict in **_Daniel_** as finding that the defendant "was negligent, but that this negligence was not a substantial factor in causing Mr. Daniel's injury." 849 A.2d at 1266 (emphasis added). Moreover, in **_Koziar_**, where this Court reversed the grant of a new trial, the verdict sheet was indistinguishable from the verdict sheets in these cases. 2018 PA Super 331, *10 n.7 (verdict sheet asked whether defendants' negligence was "a factual cause of any harm" to plaintiff).

consistent with a conclusion that Decedent was on the road and not visible and that Defendant was not distracted and did not leave the road. Plaintiffs' theories of negligence included the claim that Defendant was negligent because his speed, even if he did not exceed the speed limit, was too fast for weather conditions. N.T., 11/29/17, at 164, 196, 207-08, 216.

The jury could therefore conclude under the evidence before it that although Defendant was negligent, the sole cause of the accident was Decedent's walking in the dark, in dark clothing, on the road with his back to traffic in poor visibility weather conditions. Accordingly, the verdict was not against the weight of the evidence and the trial court properly denied Plaintiffs' motions for a new trial. *Corvin*, 184 A.3d at 993, 995-96; *Daniel*, 849 A.2d at 1273.[3]

_____

[3] Steudler also argues that the trial court erred in denying a mistrial based on testimony by the police officer that he found a digital scale at the scene of the accident. This argument is barred by waiver. The police officer's references to a digital scale occurred on the first day of trial, on direct examination by Plaintiffs. N.T., 11/28/17, at 206, 211. Neither plaintiff objected to this evidence or sought any mistrial or instruction from the trial court at that time or at any time while the police officer was testifying. *Id.* at 206-31. Defendant did not elicit any testimony or evidence concerning the digital scale and made no reference at all to the digital scale, and the two times that it was mentioned by the police officer in Plaintiffs' questioning were the only references to a digital scale that occurred in front of the jury at any time in the trial. Plaintiffs, however, did not raise any issue concerning the digital scale references until Decedent's Estate moved for a mistrial well into the next day of trial, after the officer had finished his testimony and additional witnesses had testified. N.T., 11/29/17, at 101-02. That motion was too late to preserve any claim that the digital scale references required a mistrial. Where a party does not object to a witness's testimony until after the witness

Judgments affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/19

---

has left the stand, the objection is not timely and the argument that the testimony requires a mistrial is waived. ***Commonwealth v. Tucker***, 143 A.3d 955, 961-63 & n.3 (Pa. Super. 2016); ***Allied Electrical Supply Co. v. Roberts***, 797 A.2d 362, 364-65 (Pa. Super. 2002).