861 A.2d 892

COMMONWEALTH of Pennsylvania, Appellee

v.

Lawrence SMITH, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 3, 2003.

Decided Nov. 17, 2004.

Gary Sanford Server, Philadelphia, for Lawrence Smith, appellant.

Hugh J. Burns, Philadelphia, Amy Zapp, Harrisburg, Peter Carr, for the Com. of PA, appellee.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Chief Justice CAPPY.

This is a direct appeal from the judgments of two sentences of death imposed on Lawrence Smith ("Appellant").[1] For the reasons expressed in this opinion, we affirm the first degree murder convictions but reverse his sentences of death and remand for a new penalty hearing.

On February 2, 2000, Appellant and an accomplice robbed Songha Willis ("Willis") and several other people in a parking lot adjacent to a night club in Philadelphia. During the course of the robbery, Appellant shot and killed Willis.

On April 26, 2000, Appellant perpetrated yet another robbery at the same parking lot. During the course of this robbery, Appellant shot and killed Raeneal Quann ("Quann"). Appellant fled the scene, but was captured the next day in New Jersey.

Appellant was tried before a jury. He was found guilty of two counts of first degree murder, one count of attempted murder, five counts of robbery, two counts of criminal conspiracy, and two counts of possessing instruments of crime. The matter then proceeded to the penalty phase. With regard to the Willis murder, the jury found three aggravating circumstances: the defendant committed the killing while in perpetration of a felony, 42 Pa.C.S. § 9711(d)(6); the defendant created a grave risk of death to another person in committing the offense, 42 Pa.C.S. § 9711(d)(7); and the defendant had a significant history of felony convictions involving the use or

---

1. Sentences of death are subject to automatic review by this court. 42 Pa.C.S. § 9711(h)(1).

threat of violence to the person, 42 Pa.C.S. § 9711(d)(9). With regard to the Quann murder, the jury found four aggravating circumstances: the defendant committed the killing while in perpetration of a felony, 42 Pa.C.S. § 9711(d)(6); the defendant created a grave risk of death to another person in committing the offense, 42 Pa.C.S. § 9711(d)(7); the defendant had a significant history of felony convictions involving the use or threat of violence to the person, 42 Pa.C.S. § 9711(d)(9); and the defendant had been convicted of another murder committed either before or at the time of the offense at issue, 42 Pa.C.S. § 9711(d)(11). The jury found no mitigating circumstances and returned sentences of death.

The trial court formally imposed the death sentences. It also sentenced Appellant to an aggregate term of twenty to forty years imprisonment on the remaining convictions. Appellant then filed the instant appeal to this court.

In his appeal, Appellant does not challenge the sufficiency of the evidence to sustain his first degree murder convictions. Nevertheless, we are required to review the sufficiency of the evidence as this is a capital matter. *See Commonwealth v. Rainey*, 540 Pa. 220, 656 A.2d 1326, 1330 (1995). "The standard for reviewing the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses beyond a reasonable doubt." *Commonwealth v. DeJesus*, 567 Pa. 415, 787 A.2d 394, 398 (2001). Evidence is sufficient to support a first degree murder conviction "where the Commonwealth establishes that the defendant acted with a specific intent to kill; that a human being was unlawfully killed; that the person accused did the killing; and that the killing was done with deliberation." *Commonwealth v. Gibson*, 547 Pa. 71, 688 A.2d 1152, 1158 (1997) (citations omitted). Specific intent can be inferred where a deadly weapon is used upon a vital part of the body. *Commonwealth v. Hanible*, 575 Pa. 255, 836 A.2d 36, 38 (2003). Furthermore, where a defendant has the specific intent to kill, he can be found guilty of first

degree murder, regardless of whether it was the defendant or a co-conspirator who actually inflicted the wound which resulted in death. *See Gibson, supra; Commonwealth v. Huffman,* 536 Pa. 196, 638 A.2d 961, 962 (1994).

■ At trial, Ted Patterson ("Patterson") and Todd Rose ("Rose"), two of the victims who survived the February 2, 2000 robbery, testified against Appellant. Patterson and Rose testified that on the night of the crime, Appellant and Appellant's accomplice brandished guns and demanded that Patterson, Willis, and Rose turn over their valuables. During the course of the robbery, Appellant ordered Willis to lie facedown on the ground; Willis complied. Once he was done relieving Willis of his valuables, Appellant shot Willis twice in the head; at the time he was shot, Willis was still lying facedown on the ground. This evidence was clearly sufficient to establish that Appellant was guilty of first degree murder in connection with the killing of Willis.

■ As to the murder of Quann, the evidence was sufficient to sustain the first degree murder conviction. Extensive testimony was received that on April 26, 2000, Appellant and three accomplices perpetrated another armed robbery at the same parking lot in which Appellant had killed Willis. During the course of this robbery, Appellant and his cohorts beat one of their victims. Appellant and his accomplices then retreated to their automobiles; as they did, Appellant, along with his co-conspirators, fired multiple shots into the crowd of people gathered outside the club. One of these bullets struck Quann in the head, killing him. This evidence is clearly sufficient to sustain the first degree murder conviction. *Gibson,* 688 A.2d at 1158 (where the defendant goes to a crowded bar with the intention of committing a robbery, fires shots into the crowd and kills two patrons as the result of gunshot wounds to vital parts of their bodies, such evidence supports the finding that defendant committed first degree murder).

Appellant raises three issues in his brief to this court. The first is a claim that the first degree murder convictions are against the weight of the evidence. He contends that they are

against the weight of the evidence because the jury did not credit Appellants version of events as contained in his statement to police. Appellant asserts that the convictions are "shocking" because they show that "the jury did not credit [the] most truthful and reliable eyewitness to the crimes, the Appellant." Appellants brief at 28.

In reviewing this claim, we are mindful that a new trial can only be granted on a claim that the verdict was against the weight of the evidence in the extraordinary situation where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. An appellate court cannot substitute its judgment for that of the finder of fact.

*Commonwealth v. Drumheller*, 570 Pa. 117, 808 A.2d 893, 908 (2002) (citations omitted). Furthermore, where, as in the matter *sub judice* "the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Tharp*, 574 Pa. 202, 830 A.2d 519, 528 (2003) (citations omitted).

We conclude that the trial court did not abuse its discretion in denying Appellant relief on this claim. The jury's guilty verdicts on the two homicide charges were not so contrary to the evidence as to shock the conscience; in fact, the weight of the evidence supported, rather than contradicted, the jury's verdict. Furthermore, Appellant cannot prevail on his claim merely because he believes that of all the evidence presented at trial, his statement was the most truthful. It is within the province of the jury, as the finder of fact, to decide whether a witness' testimony lacks credibility. *Commonwealth v. Fisher*, 564 Pa. 505, 769 A.2d 1116, 1123 (2001). The fact that the jury did not credit Appellant's statement does not militate that the verdicts are against the weight of

the evidence; rather, that merely establishes that the jury did not find Appellant to be credible, a conclusion that they were empowered to make. We therefore deny Appellant relief on his weight of the evidence claim.

Appellant's next two issues regard the penalty phase. We will first address Appellant's claim that the prosecutor improperly referred to Appellant being convicted of assaulting another prisoner with a weapon. *See* N.T., 2/25/2002, at 114.[2] The prosecutor made such a statement in order to impeach Appellant's psychiatric expert who had opined that Appellant presented no danger to anyone in the prison population. Appellant asserts that there was no record evidence that Appellant had ever been convicted of assaulting another prisoner. Thus, he claims that the prosecutor improperly referenced a fact that was not in evidence.

It is axiomatic that a prosecutor is "limited to making comments based upon the evidence and fair deductions and inferences therefrom." *Commonwealth v. Joyner*, 469 Pa. 333, 365 A.2d 1233, 1236 (1976). Our review of Appellant's Institutional Adjustment Summary records that were introduced at trial show that Appellant was charged with assaulting an inmate; these records do not, however, establish that Appellant was ever convicted of this offense.

The Commonwealth, however, claims that the conviction is a fact of record. In support of this claim, it points to testimony offered by the Commonwealth's psychiatric expert, Dr. John O'Brien ("Dr. O'Brien"). The Commonwealth notes that on

---

**2.** While Appellant lodged no objection to the prosecutor's statement at trial, this issue is saved from a finding of waiver via the relaxed waiver doctrine.

We acknowledge that we recently abrogated the relaxed waiver doctrine; yet we did so prospectively only. *Commonwealth v. Freeman*, 573 Pa. 532, 827 A.2d 385 (2003). Thus, *Freeman* states that the relaxed waiver doctrine is still applicable to those matters in which the appellant's brief was filed prior to our disposition of *Freeman* or within 30 days of *Freeman* being handed down. As Appellant's brief was filed prior to our disposition of *Freeman*, he is entitled to the benefits of the relaxed waiver doctrine.

direct examination, Dr. O'Brien indicated that Appellant was found guilty on the assault charge. N.T., 3/01/2002, 44–45.

The Commonwealth accurately recounts Dr. O'Brien's testimony. Yet, that does not end our inquiry. Next we must determine whether this testimony, standing alone, serves to establish that Appellant was indeed convicted of assaulting a fellow prisoner, thus rendering the prosecutor's remark as being properly based on a fact of record.

We conclude it does not. There is no indication that Dr. O'Brien was present at, or somehow participated in, the alleged adjudication of Appellant on the charge of assaulting a prisoner. We therefore cannot find that his testimony regarding the alleged conviction constitutes evidence on the basis that he had personal knowledge of the conviction. *See* Pa. R.E. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Furthermore, Dr. O'Brien's status as an expert does not, in and of itself, render his unsupported reference to Appellant's alleged conviction of assaulting a fellow prisoner into a fact of record. Thus, we find that the prosecutor's reference to Appellant's alleged conviction for assaulting another prisoner improperly referenced a fact not of record.

Having concluded that there was error, we now turn to examining whether this error was harmless. In conducting this examination, we note that it is the burden of the Commonwealth to convince this court that the error was harmless. *Commonwealth v. Young*, 561 Pa. 34, 748 A.2d 166, 193 (1999). The Commonwealth has failed to meet its burden. In fact, it makes no argument regarding harmless error.

Furthermore, we do not perceive how the Commonwealth could meet this burden. Harmless error may be established in one of three ways: (1) the error did not prejudice the defendant or the prejudice was only *de minimis;* (2) the erroneously admitted evidence was cumulative of other properly admitted evidence; or (3) "the prejudicial effect of the error is so insignificant by comparison to the other evi-

dence that it is clear beyond a reasonable doubt that the error could not have contributed to the jury's decision regarding the death penalty." *Commonwealth v. Edmiston,* 535 Pa. 210, 634 A.2d 1078, 1090 (1993).

The Commonwealth could not meet the first two alternatives of establishing harmless error. The prejudicial effect of the prosecutor's statement that Appellant had been convicted of assaulting a fellow prisoner could certainly not be considered *de minimis,* particularly when taken in the context of impeaching Appellant's expert on his opinion that Appellant posed no threat to the prison population. Furthermore, it was not cumulative of other properly admitted evidence; our review of the record reveals that there was no other properly admitted evidence regarding whether Appellant was convicted of assaulting a fellow inmate.

Finally, we do not believe that the Commonwealth could establish that "the prejudicial effect of the error is so insignificant by comparison to the other evidence that it is clear beyond a reasonable doubt that the error could not have contributed to the jury's decision regarding the death penalty." *Edmiston,* 634 A.2d at 1090. The reference to Appellants alleged conviction for assaulting another prisoner was a powerful rebuttal of the opinion Appellants expert offered in mitigation that Appellant posed no risk to the prison population. Furthermore, the jury declined to find the existence of any mitigating circumstance. Considering the clearly damaging effect that this statement would have had on Appellants case in mitigation, and that the jury ultimately failed to find any mitigating circumstance, we cannot conclude that the prejudicial effect of this error was so insignificant that the error was harmless.

Accordingly, we conclude that the prosecutor improperly referred to a fact not of record and that the Commonwealth has failed to establish that this error was harmless.[3] Thus, while we affirm the convictions for first degree murder, we

---

**3.** Because we are reversing the sentences of death based upon this claim, we need not reach the merits of Appellant's other penalty phase issue.

must reverse the sentences of death and remand for a new penalty hearing.