J-S65010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IRA IVAN | |
| Appellant | No. 2815 EDA 2013 |

Appeal from the Judgment of Sentence September 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002963-2012
CP-51-CR-0002965-2012

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED DECEMBER 18, 2014**

Appellant, Ira Ivan, appeals from the judgment of sentence entered by the Honorable Daniel J. Anders, Court of Common Pleas of Philadelphia County, after Ivan was convicted of two counts of attempted murder.  After careful review, we affirm.

For purposes of this appeal, the facts of the case are substantially undisputed.  After several skirmishes between Ikeal Johnson and his friends on the one hand, and Nathaniel Hill and his friends on the other, Ivan accompanied Johnson to the home of one of Hill's friends, Malik Brown.  Hill was standing outside Brown's home with several of his friends.  A

_____

[*] Retired Senior Judge assigned to the Superior Court.

confrontation between the two groups ensued. Ivan drew a handgun and fired at least six shots in the direction of Hill and his friends.

One of these shots struck Hill in the chest. Hill survived, but the bullet hit Hill's spine, leaving him paralyzed from the chest down. A second bullet hit Brown in the hand.

After Hill positively identified Ivan as the shooter, Ivan was charged with two counts of attempted murder, two counts of possession of an instrument of crime, two counts of recklessly endangering another person, and three counts of violating the uniform firearms act. In June 2013, Hill was tried by Judge Anders, sitting without a jury. After hearing the evidence, the trial court found Ivan guilty on all charges, and on September 4, 2013, sentenced Ivan to an aggregate period of imprisonment of twenty-five and one-half years to fifty-one years. After the trial court denied Ivan's post-sentence motions, Ivan filed this timely appeal.

On appeal, Ivan challenges the sufficiency of the evidence presented to support his convictions for attempted murder. Specifically, Ivan contends that the evidence does not support a finding that he acted with a specific intent to kill.

In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense

beyond a reasonable doubt." ***Commonwealth v. Cooper***, 596 Pa. 119, 130, 941 A.2d 655, 662 (2007).

Our scope of review is plenary. ***See Commonwealth v. Weston***, 561 Pa. 199, 203 n.8, 749 A.2d 458, 460 n.8 (2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none of the evidence submitted. ***See Cooper***, 596 Pa. at 130, 941 A.2d at 662. "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Swerdlow***, 636 A.2d 1173, 1176 (Pa. Super. 1994) (citation omitted).

To sustain an attempted homicide conviction the Commonwealth must prove the accused has "commit[ed] an act that is a substantial step towards the commission of the crime with a specific intent to kill." ***Commonwealth v. Dale***, 836 A.2d 150, 152-153 (Pa. Super. 2003). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]" ***Commonwealth v. Jackson***, 955 A.2d 441, 444 (Pa. Super. 2008). The intent necessary for establishing attempted murder is a specific intent to kill. ***See Commonwealth v. Geathers***, 847 A.2d 730, 735-736 (Pa. Super. 2004).

Ivan cogently argues that mere malice is insufficient to support a conviction for attempted murder. As set forth in **Geathers**, the crime of attempt requires an intention that the crime result, hence, it is logically impossible to convict someone of attempting a reckless or unintentional homicide. **See id**. Ivan therefore argues that the evidence was insufficient to support an inference that he intended to kill either Johnson or Brown. To the contrary, Ivan argues that he was merely reacting to a high-tension confrontation between the two groups.

However, a review of existing precedent refutes Ivan's argument. The Supreme Court of Pennsylvania has held that evidence that the defendant fired "multiple shots into [a] crowd of people," striking a member of the crowd in the head and killing him, is sufficient to support a conviction for first-degree murder. **See Commonwealth v. Smith**, 861 A.2d 892, 895 (Pa. 2004). First-degree murder requires a finding of a specific intent to kill. **See id**.

Thus, the trial court, sitting as a fact-finder in this case, was entitled to infer that Ivan acted with the specific intent to kill when Ivan fired into a crowd of people, hitting Johnson in the chest. **Smith** is not directly on point with the facts surrounding Ivan's shooting of Brown, however. No party to this appeal has cited precedent that establishes a hand as a vital part of the body, and we have located none.

Nevertheless, Pennsylvania case law has established that a fact-finder can infer a specific intent to kill from gunshots that missed their targets. *See Commonwealth v. Jones*, 629 A.2d 133, 135, n.2 (Pa. Super. 1993) (fact-finder could infer specific intent to kill from bullet that struck front of police officer's squad car); *Commonwealth v. Harris*, 169 A.2d 576, 578 (Pa. Super. 1961) ("[W]e find the requisite intent to murder from the fact that defendant fired the gun directly down a narrow alley at the police car in which Officer Jackson was sitting."). Thus, the trial court, sitting as fact-finder in this case, was entitled to infer that Ivan intended to kill Brown when he fired into a crowd and hit Brown in the hand.

As a result, we find no merit to Ivan's issue on appeal, and therefore affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014