J-S09015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HALIM RAYSHAWN BOWEN | |
| Appellant | No. 678 MDA 2015 |

Appeal from the Judgment of Sentence December 10, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000098-2014

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 29, 2016**

Appellant, Halim Rayshawn Bowen, appeals from the judgment of sentence entered after a jury convicted him of first-degree murder. Bowen claims that the trial court erred in admitting hearsay testimony and that the evidence at trial was not sufficient to support a finding that he had a specific intent to kill. After careful review, we affirm.

A jury convicted Bowen of intentionally killing Jaime Sanabria by gunshot to the back during an altercation at a bar. In his first argument on appeal, Bowen challenges the sufficiency of the evidence supporting the verdict. Bowen concedes that the evidence was sufficient to support a finding that he unlawfully killed Sanabria, but claims that it was insufficient to support a finding that he had the specific intent to kill Sanabria. *See* Appellant's Brief, at 9.

In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense beyond a reasonable doubt." **Commonwealth v. Cooper**, 941 A.2d 655, 662 (Pa. 2007) (citation omitted).

Our scope of review is plenary. **See Commonwealth v. Weston**, 749 A.2d 458, 460 n.8 (Pa. 2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none of the evidence submitted. **See Cooper**, 941 A.2d at 662. "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." **Commonwealth v. Swerdlow**, 636 A.2d 1173, 1176 (Pa. Super. 1994) (citation omitted).

First-degree murder requires a finding of a specific intent to kill. **See Commonwealth v. Smith**, 861 A.2d 892, 895 (Pa. 2004). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]" **Commonwealth v. Jackson**, 955 A.2d 441, 444 (Pa. Super. 2008) (citation omitted). Thus, "[s]pecific intent to kill can be proven where the defendant knowingly applies deadly force to the person of another." **Commonwealth v. Stokes**, 78 A.3d 644, 650 (Pa. Super.

2013) (citation omitted). More particularly, specific intent to kill "may be established through circumstantial evidence such as the use of a deadly weapon on a vital part of the victim's body." *Id*. (citation omitted). "The Commonwealth may use wholly circumstantial evidence to discharge its burden of showing the accused intentionally killed the victim … and circumstantial evidence can itself be sufficient to prove any or every element of the crime…." ***Commonwealth v. Perez***, 93 A.3d 829, 841 (Pa. 2014) (citations omitted).

Bowen argues that the back is not a vital organ, and that there is no independent evidence of motive or intent.[1] However, the Commonwealth presented the testimony of Barbara Bollinger, M.D., a certified forensic pathologist. Dr. Bollinger testified that Sanabria suffered

> a perforating gunshot wound to his chest. A perforating gunshot wound is a gunshot wound that is through and through, so there's an entrance site and also an exit site. No bullet was recovered from his body.
>
> …
>
> Again, here is the entrance wound. It was more in the middle of the back just to the right of the midline and below the right – below the right shoulder blade. Then the bullet traversed through the chest and exited under the … left underarm area.
>
> …

---

[1] Bowen's argument notes a lack of identification evidence in several instances, but he never explicitly argues that the evidence was insufficient to establish that he was the shooter.

Well, there are vital organs in the chest, the heart, many blood vessels both coming from the heart and also running between each rib, and then there are also the lungs.

In this particular case, the bullet went through both lobes of the left lung and some major blood vessels supplying that lung and also some smaller blood vessels that course in conjunction with the ribs. So this particular gunshot wound caused massive bleeding in the left chest cavity of Mr. Sanabria.

N.T., Trial, 12/8-10/14, at 142-144. Dr. Bollinger also testified to the existence of gunpowder residue around the entrance wound. *See id*., at 146-147. She opined that the presence of gunpowder residue "implies that the wound is a close or contact range gunshot wound." *Id*., at 147.

This evidence was sufficient to establish that Bowen shot Sanabria in a vital organ, and thus is sufficient to support a finding of specific intent to kill. We therefore conclude that Bowen's first argument on appeal merits no relief.

In his second issue on appeal, Bowen argues that the trial court erred in admitting a tape-recorded conversation between a fellow prisoner, Alonzo Jenkins, and Bowen's girlfriend. While Bowen was in York County Prison awaiting trial in this matter, a corrections officer overheard Bowen and Jenkins discussing the shorts Bowen was seen wearing at the bar on the night of the murder. The officer heard Jenkins say, "I'll make a call."

That night, Jenkins called Bowen's girlfriend and had the following conversation.[2]

Jenkins:    Hello

Female:    Hello. Hey –

Jenkins:    What's up? He wanted me to tell you – well, he wanted me to ask you did you call his lawyer today.

Female:    I called him on my lunch break, but he was out at court. So I left him a message, but he didn't call me back.

Jenkins:    All right. And he said he wants you to – I guess you know which shorts he is talking about?

Female:    Shorts?

Jenkins:    Yeah, like a pair of shorts that he got that is his. I think might got like flowers on them or something.

Female:    Uh-huh.

Jenkins:    He wants you to get rid of them.

Female:    I don't – I don't have them no more.

Jenkins:    All right. So you want me to tell him that you already got rid of them?

Female:    Yeah, I don't have that no more.

Jenkins:    All right. I will tell him you got rid of them.

Trial Court Opinion, 3/17/15, at 4.

_____

[2] There is no transcription of the phone call in the certified record, but Bowen stipulates in his brief that the trial court's transcription in its opinion is accurate. ***See*** Appellant's Brief, at 14, n.4. Furthermore, it is Jenkins who identifies the female on the call as his girlfriend. ***See id***.

At trial, the Commonwealth presented the testimony of the corrections officer regarding the conversation between Bowen and Jenkins. After the officer testified, the Commonwealth requested to play the tape of the phone conversation between Jenkins and Bowen's girlfriend. When Bowen objected on hearsay grounds, the Commonwealth argued that the conversation fell into a hearsay objection since Jenkins was acting as Bowen's agent. The trial court ruled that the recording did not constitute hearsay, and allowed the Commonwealth to play it for the jury.

We note that the "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Ali*, 112 A.3d 1210, 1217 (Pa. Super. 2015) (citation omitted), *appeal granted in part by*, 127 A.3d 1286 (Pa. 2015). Furthermore,

> we note that to be considered relevant, evidence must have some tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence that is relevant may nevertheless be inadmissible if it violates a rule of competency, such as the hearsay rule. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted by the declarant. When an extrajudicial statement is

offered for a purpose other than proving the truth of its contents, it is not hearsay and is not excludable under the hearsay rule. Hence, a statement offered as evidence of motive and not for its truth, is always relevant and admissible.

*Commonwealth v. King*, 959 A.2d 405, 412 (Pa. Super. 2008) (citations and internal quotation marks omitted).

We agree with Bowen that the recorded conversation is, at face value, a hearsay statement. The only possible relevance the conversation could have to the matters in issue at trial was if the jury believed Jenkins's statement that Bowen had told him to tell his girlfriend to dispose of the shorts. Under these circumstances, the jury could infer that Bowen was conscious of his own guilt. If the jury did not believe Jenkins's assertion that Bowen had told him to tell his girlfriend to dispose of the shorts, the recorded conversation has no relevance to the trial. The conversation therefore constitutes an out-of-court statement offered to prove the truth of the matter asserted by Jenkins, and is a hearsay statement under the Rules of Evidence.

However, we agree with the Commonwealth's argument at trial[3] that this statement qualifies as an exception to the rule against hearsay. Rule 803(25) provides that hearsay statements by party-opponents are admissible. *See* Pa.R.E. 803(25). Specifically, Rule 803(25) provides that hearsay statements made by "a person authorized by the party to make a

_____

[3] Curiously, the Commonwealth abandoned this argument on appeal.

statement concerning the subject" are admissible as statements by party-opponents. ***See*** Pa.R.E. 803(25)(C). The Commonwealth presented evidence that Bowen had authorized Jenkins to speak on his behalf to his girlfriend. Thus, the recording fell under the party-opponent exception. We therefore conclude that the trial court properly admitted the recording, even though we disagree with its rationale. ***See The Brickman Group, Ltd. v. CGU Insurance Company, Inc.***, 865 A.2d 918, 928 (Pa. Super. 2004) ("We are not bound by the trial court's rationale, and may affirm on any basis.").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016