J-S68011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHANE S. BARKER | : | |
| | : | |
| Appellant | : | No. 291 MDA 2017 |

Appeal from the Judgment of Sentence November 8, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000983-2015

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 22, 2017**

Shane Barker appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his conviction for third-degree murder.  18 Pa.C.S. § 2503(b).  After our review, we affirm.

Following a five-day trial, a jury convicted Barker of third-degree murder for the killing of Jerome Buckner in the early morning hours of October 18, 2014.  The murder occurred after a disturbance inside Queenies Café, a bar in downtown Harrisburg.  The commotion continued outside the bar after management cleared the establishment.  An altercation between Barker and the victim ultimately led to Barker firing seven shots toward the victim as the victim was running away.  Four of the shots struck the victim, causing his death.

At trial, the Commonwealth presented several witnesses, including eyewitnesses and medical and ballistic experts.  Doctor Wayne Ross, who

_____
*   Retired Senior Judge assigned to the Superior Court.

performed the autopsy, testified that the four gunshots that struck the victim, two to the back, one to the back of the right elbow, and one to the back of the right leg, all entered the victim from the back and from right to left in an upward path of travel. N.T. Jury Trial, 8/22-26/16, at 358-62.

Barker testified that after the bar management cleared the establishment, he went to his car alone and unlocked the doors and the victim "came out of nowhere" and hit him on the right side of his face. He stated that he assumed the victim hit him again because he was on the ground outside of his car and felt the victim tugging on his clothes. Barker retrieved his gun from under the driver's seat of his car, and fired the gun at the victim. *Id.* at 661-669, 702.

Following trial, Barker was convicted and the Honorable Richard A. Lewis sentenced him to 18-36 years' imprisonment. Barker filed a timely post-sentence motion,[1] which was denied. He then filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He raises the following issues for our review:

> 1. Did the trial court abuse its discretion by failing to grant [Barker] a new trial on the basis that the guilty verdict was against the weight of the evidence when the totality of the evidence as to the issues of self-defense and imperfect self-defense was unreliable, contradictory, and incredible?
>
> 2. Was the imposition of a sentence of 18 years to 36 years, 90 percent of the statutory maximum sentence, clearly

---

[1] Barker properly preserved his weight of the evidence claim and his sentencing claim in his post-sentence motion. *See* Post-Sentence Motion, 11/18/16, at ¶¶ 5, 7. *See also* Pa.R.Crim.P. 607(A)(3).

unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offense, and [Barker's] rehabilitative needs?

Appellant's Brief, at 5.

The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned [by the trial court] only if it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Cash***, 137 A.3d 1262, 1270 (Pa. 2016 ) (internal citations and quotation marks omitted). ***See Commonwealth v. Ratushny***, 17 A.3d 1269, 1272 (Pa. Super. 2011) (appellate review of weight claim is limited to whether trial judge's discretion was properly exercised and relief will only be granted where facts and inferences of record disclose palpable abuse of discretion).

Barker argues that, in light of his alternative justification defenses, self-defense and imperfect self-defense, the verdict was against the weight of the evidence. Specifically, Barker maintains that the use of deadly force was justified pursuant to 18 Pa.C.S. § 505 because he had a reasonable belief that such force was necessary to protect himself against death or serious bodily injury, or that he subjectively entertained a belief in the necessity of using

deadly force, but that such belief was unreasonable. *See* 18 Pa.C.S. § 2503(b). Barker argues the greater weight of the evidence introduced at trial- namely, his testimony - established that, based upon his own intoxicated state and thus his overreaction to the threat presented by the victim, he believed deadly force was necessary to protect himself against death or serious bodily injury. Barker also argues that his reaction was derived in part from the fact that he himself was the victim of an assault, where he was stabbed eleven times in July 2000. N.T. Jury Trial, 8/22-26/16, at 681-82. In light of this testimony, he claims that the Commonwealth failed to disprove beyond a reasonable doubt his justification defense.

Here, Barker's claim is grounded entirely on his opinion that the jury should have given more weight to his testimony than to the overwhelming evidence of his guilt offered by the Commonwealth. However, it was entirely within the jury's province as the finder-of-fact to believe the evidence presented by the Commonwealth—which fully supported the jury's verdict— and to discredit Barker's testimony, as it apparently did here. *See* *Commonwealth v. Smith*, 861 A.2d 892, 896 (Pa. 2004) (appellant cannot prevail on weight claim merely because he believes of all the evidence presented at trial, his statement was most truthful; it is within province of jury, as finder of fact, to decide whether witness' testimony lacks credibility). We may not find that the trial court abused its discretion in rejecting Barker's weight of the evidence claim under such circumstances. In its opinion, the trial court set forth the relevant evidence, weighed the evidence, and

determined there was no merit to Barker's weight claim. We decline Barker's invitation to assume the role of the fact-finder and reweigh the evidence on appeal. Thus, upon our review of the record and Barker's arguments, we conclude that the trial court did not abuse its discretion in denying his weight of evidence challenge. *See Commonwealth v. Brown*, 23 A.3d 544, 561 (Pa. Super. 2011); *see also Commonwealth v. Santiago*, 980 A.2d 659, 664 (Pa. Super. 2009) (concluding trial court did not abuse its discretion in denying weight challenge where appellant asked this Court to reweigh evidence).

Next, Barker claims the court abused its discretion in sentencing him to a term of imprisonment of 18 to 36 years. "Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Barker has fulfilled the first three prongs. With respect to the final prong, Barker states in his Pa.R.A.P. 2119(f) statement that his sentence was manifestly excessive in light of his history and background, and that the court focused solely on the seriousness of the crime. He also asserts that the court disregarded mitigating factors, including his lack of a prior record, his work history, the fact that he obtained his high school diploma as an adult to acquire better employment, and the fact that in the two years between his arrest and trial, he was a model prisoner and completed course work to become an ordained minister. Appellant's Brief, at 33-36.

Whether a substantial question exists is determined on a case by case basis. Here, we conclude that Barker has raised a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244 (Pa. Super. 2014) (explaining excessive sentence claim, raised in conjunction with assertion court failed to consider mitigating factors, raises substantial question). *See also Commonwealth v. Macias*, 968 A.2d 773 (Pa. Super. 2009) (averment that court sentenced based solely on seriousness of the offense and failed to consider all relevant factors raises substantial question).

An appellate court will not disturb the sentencing court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, "a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion." *See*

*Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008). "Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." *Id.*

In *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007), our Supreme Court noted that our ability to review a sentence is constrained by 42 Pa.C.S. § 9781(c). The *Walls* Court emphasized the deferential nature of our examination of any sentence, stating that the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id.* at 961 (citation and quotation marks omitted). By statute, this Court can vacate a sentence and remand for re-sentencing only if we find: 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) the sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or, 3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." *Id.*

Here, Barker acknowledges his sentence is within the sentencing guidelines, but argues application of the guidelines under the circumstances, in particular where Barker's prior record score is a "0," yields an unreasonable and manifestly excessive sentence. We disagree.

- 7 -

The sentencing court was well aware of Barker's history and his productive use of his time while incarcerated prior to trial, *see* N.T. Sentencing, 11/8/16, at 26, and considered the fact that he had five children and the impact the sentence would have on his family. *Id.* The court also noted that Barker's expression of remorse in his statement to the victim's family was "sincere and heartfelt." *Id.* The court considered these mitigating factors in imposing sentence, as well as the 21-page presentence investigation report. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Notably, the court stated the following on the record:

> I also had to take into account that this was a terrible situation for [the victim's] family, as well. Nine children are left without a father. . . . So the bottom line is very simple. Two families have been shattered. . . . [T]he impact is terrible, not only on the families, both families, but on the community as well because this just adds one more sad and tragic and unfortunate layer to the Harrisburg area's growing reputation for senseless gun violence. . . . . One of the key factors, Mr. Barker, that I had to consider in this case is the introduction of a gun into this argument or fight or whatever it was. It is still not clear to me and I don't think there was any convincing evidence one way or other to show that [the victim] was in any way involved in this argument or dispute that occurred inside the bar and yet he ends up shot and killed. And quite frankly, all the evidence suggests that you introduced a gun a deadly weapon, into this encounter[.]. . . You brought a gun to an argument and the results are tragic.

N.T. Sentencing, *supra* at 27-28.

As noted above, Barker acknowledges the sentence was within the guidelines. Thus, the question is whether the sentence, under the circumstances, was clearly unreasonable. *See* 42 Pa.C.S. § 9781(c). Here, upon review of the record before us, and in particular the findings upon which the sentencing court based the sentence and the circumstances of the offense, we conclude the sentence is not clearly unreasonable. The sentencing court demonstrated on the record that it weighed the Sentencing Guidelines with the facts of the crime and Barker's character in a meaningful fashion. Thus, we will not disturb the court's sentence. *See Commonwealth v. Begley*, 780 A.2d 605, 642-43 (Pa. 2001); *Devers*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2017