J-S26041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB LEE DIAMOND NETHERTON | : | |
| | : | |
| Appellant | : | No. 107 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 20, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000575-2021

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:     **FILED: AUGUST 23, 2022**

Appellant, Jacob Lee Diamond Netherton, appeals from the judgment of sentence imposed after he pleaded guilty to one count of Indecent Assault-complainant less than 16 years of age, 18 Pa.C.S. § 3126(a)(8). Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), on the grounds that Appellant's appeal is wholly frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

On June 4, 2021, Appellant was charged with Indecent Assault and Corruption of Minors for alleged conduct occurring when he was 18 years of age and his alleged victim was 13 years of age. On November 8, 2021, Appellant entered an open plea of *nolo contendere* to Indecent Assault, and

_____

[*] Former Justice specially assigned to the Superior Court.

on December 20, 2021, he received a lower-end standard range sentence of eight months to 23 months, 29 days' incarceration that aligned with defense counsel's request for a lower-end standard guideline range sentence.[1, 2]

The trial court denied Appellant's post-sentence motion on January 4, 2022, and this timely appeal followed. However, counsel has filed an **Anders** brief and a petition to withdraw. Counsel's **Anders** brief identifies three issues:

1. Was the sentence imposed on Defendant excessive?

2. Did the trial judge have a conflict of interest such that Her Honor should have recused herself from hearing the case?

3. Did the trial court error in denying the Post Sentence Motion to Withdraw the [*plea of nolo contendere*] filed by the Defendant?

**Anders** brief, at 3.

Before we may address the issues counsel has identified, we must first attend to counsel's request to withdraw. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). The petition to withdraw must state that, "after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Counsel must also advise the defendant that he "has the right to retain private counsel or

_____

[1] The standard range sentence applicable to Appellant was six to 12 months.

[2] At the sentencing hearing of December 20, 2021, Appellant also received a sentence on one count of Disorderly Conduct from a separate docket.

raise additional arguments that [she] deems worthy of the court's attention." *Id*.

Counsel also is required to file an *Anders* brief and provide a copy to the client. The *Anders* brief must do all of the following:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (quoting *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)).

Upon review, it appears that counsel has complied with the procedural requirements of *Anders*, *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), and their progeny. His petition to withdraw states that he conducted a conscientious examination of the record and found the appeal to be wholly frivolous. Counsel provided Appellant with a letter advising him of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005) (requiring advisement of right to retain new counsel or to proceed *pro se* in response to the *Anders* brief). Both the letter and the withdrawal petition are attached to counsel's *Anders* brief, which contains proof of service on Appellant. The *Millisock* letter also references both the petition and the brief as having been enclosed with the letter.

Counsel's **Anders** brief substantially complies with the requirements set forth in **Santiago**. It provides a summary of the case's procedural history and facts—although without citations to the record; identifies the issues that he believes arguably support the appeal; states counsel's conclusion that the appeal is frivolous; and explains his reasons for that conclusion. **See id**. The brief also contains copies of Appellant's Pa.R.A.P. 1925(b) statement and the trial court opinion. To date, Appellant has not responded to the petition to withdraw as counsel.

The first issue raised in the **Anders** brief addresses Appellant's contention that his sentence was too harsh. This claim goes to the discretionary aspects of his sentence. **See Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015). We engage in a four-step inquiry before reaching the merits of a challenge to discretionary aspects of sentencing:

> (1) the filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018)(*en banc*) (citation omitted).

- 4 -

Here, Appellant timely appealed, but neither at his sentencing hearing nor in his post-sentence motion did he claim his sentence was excessive. Accordingly, he has waived this issue.[3]

The second issue raised in the *Anders* brief submits that the trial judge had a conflict of interest, requiring recusal, because she presided over Appellant's various juvenile proceedings. Appellant contends, therefore, that he was denied a fair guilty plea hearing and sentencing hearing.

This issue is waived, as Appellant never raised it before the trial court. *See Commonwealth v. Rominger*, 199 A.3d 964 (Pa. Super. 2018) (holding motion to recuse trial judge waived where first raised in post-sentence motion). Here, Appellant first raised the issue of recusal in his Pa.R.A.P. 1925(b) concise statement.

_____

[3] Even if Appellant had preserved this issue, we discern no support in the record for Appellant's assertion that his sentence at the low end of the guideline standard range raised a substantial question implicating either a specific provision of the Sentencing Code or the fundamental norms which underlie the sentencing process. *See Caldwell*, 117 A.3d at 768 (instructing the manner in which an excessiveness claim may sufficiently articulate raise a substantial question.)

In addition, we note Appellant's brief does not contain a Rule 2119(f) statement. However, where counsel has filed an *Anders* brief, the failure to include a Rule 2119(f) statement in the brief does not preclude us from determining whether the appeal is wholly frivolous. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Thus, our review would not be barred by the lack of a Rule 2119(f) statement.

Even assuming, *arguendo*, that the issue were not waived,[4] we would find it raises a claim that is without support in the record. "The party who asserts that a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." ***Commonwealth v. Darush***, 459 A.2d 727, 731 (Pa. 1983).

A review of the plea and sentencing hearings reveals no indication of bias, prejudice, or unfairness towards Appellant. Indeed, even after acknowledging Appellant's juvenile record—which included a 2018 adjudication of delinquency for attempted rape and an alleged sexual assault of a staff member at the juvenile placement facility—and noting he committed the present indecent assault only two months after being released from supervision, the trial court somewhat surprisingly sentenced Appellant at the

---

[4] In ***Allied Elec. Supply Co. v. Roberts***, 797 A.2d 362 (Pa. Super. 2002), we observed there is an

> exception to the waiver doctrine in cases where the "alleged error involved the conduct of the Trial Court in overseeing the trial". . . . [***See***] ***Commonwealth v. Hammer***, 494 A.2d 1054 (Pa. 1985); ***Dimonte v. Neumann Medical Ctr.***, 751 A.2d 205 (Pa. Super. 2000). In those cases, the trial judge himself acted inappropriately during the proceedings; thus an objection would have required counsel to "directly challenge the authority of the court by suggesting the judge is deficient in his duties." ***DiMonte***, ***supra*** at 209.

***Allied Elec. Supply Co.***, 797 A.2d at 365 n.3. Such an exception is clearly irrelevant here, where there is no indication of improper judicial conduct during the guilty plea colloquy or the sentencing hearing.

lower end of the guideline standard range. Under the circumstances, pointing to such a sentence fails to satisfy Appellant's burden described above.

The third issue raised in the **Anders** brief asserts that the trial court erred in denying Appellant's post-sentence motion to withdraw his guilty plea. It is well settled that a criminal defendant "has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." **Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted).

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa. Super. 2013). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law." **Id.** (citation omitted).

A defendant's burden of proof for withdrawing a guilty plea "differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017). While pre-sentence requests to withdraw guilty pleas are liberally allowed, "a request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices." **Commonwealth v. Culsoir**, 209 A.3d 433, 437 (Pa. Super. 2019).

There is no dispute that Appellant's counseled request to withdraw his plea occurred after sentencing, but there was also an understanding among the trial court and both counsel at the outset of the sentencing hearing that Appellant had asserted his innocence to the probation office during a post-guilty plea, pre-sentencing interview. N.T., 12/20/21, at 6. Because the ***Anders*** brief addresses this pre-sentence assertion without completely developing the issue for appellate review, we shall address it presently as part of our independent review of the record.

Appellant had reported the minor admitted in text messages to him that their encounter was consensual and that she made her accusation against him only after her parents pressured her to do so. When the trial court acknowledged at sentencing that Appellant was thus asserting his innocence, Appellant nodded in agreement. N.T. at 6. Therefore, the trial court was aware of Appellant's assertion of innocence and that it relied entirely on the minor's claim of consent.

Consent, however, is not a defense to the indecent assault charge against Appellant. Section 3126(a)(8) requires only proof that a defendant had indecent contact with the complainant, that the complainant was less than 16 years old, and that the defendant was four or more years older than the complainant and not married to the complainant. 18 Pa.C.S. § 3126(a)(8) [5];

_____

[5] Subsection (a)(8) of Section 3126, Indecent Assault, provides:
*(Footnote Continued Next Page)*

- 8 -

*Commonwealth v. Castelhun*, 889 A.2d 1228, 1233-34 & n.8 (Pa. Super. 2005) (recognizing consent is not a defense to Section 3126(a)(8); *Commonwealth v. Bricker*, No. 586 WDA 2021, 2022 unpublished memorandum, at *4 (Pa. Super. filed Apr. 19, 2022).[6]

Therefore, Appellant's assertion was merely that of a mistaken belief that he possessed a legal defense to the charge; it was not an assertion of innocence in fact. The facts, as Appellant continually acknowledged without exception, were that he secreted the girl to the basement of the high school, where he kissed her, put his hand down her pants, and touched her genitalia.[7]

_____

**(a)** **Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

. . .

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3126(a)(8).

[6] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

[7] When asked at the plea hearing if he contested those facts, Appellant answered, "No." N.T., 11/08/21, at 4. He then began to repeat the same facts when he misunderstood the court's request to offer his own words on what happened with respect to the disorderly conduct plea, stating, "Yes, Your
*(Footnote Continued Next Page)*

- 9 -

Appellant never denied committing these acts. As such, Appellant has put forward no support for his claim of innocence.

Controlling jurisprudence on pre-sentence assertions of innocence requires an appellant to demonstrate a fair and just reason for withdrawing his plea. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015). On what constitutes such a qualifying reason, we observed:

> The **Carrasquillo** Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Carrasquillo**, 115 A.3d at 1292. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Id**. In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre—a "devil made me to it" claim of innocence—and since the innocence claim was offered just prior to sentencing. **Id**. **See also Commonwealth v. Hvizda**, [116 A.3d 1103 (Pa. 2015)] (companion case to **Carrasquillo**).

**Commonwealth v. Baez**, 169 A.3d 35, 39 (Pa. Super. 2017)

From this record, we discern no abuse of discretion by the trial court in rejecting Appellant's pre-sentence assertion and commencing with sentencing on the basis of his plea. Under the terms of Section 3126(a)(8), Appellant's

---

Honor. I – I kissed her. I kissed her and I had my ha…", until defense counsel stopped him and redirected him to describe the disorderly conduct. N.T. at 4. When asked if he entered his plea knowingly, voluntarily, and of his own free will, he replied, "yes." N.T. at 6.

proffer of consent evidence would not demonstrate his innocence, and his statements made during not only the written and oral plea colloquies but also the sentencing hearing admitted to the accusations against him. Therefore, without a plausible claim of innocence, a fair and just reason for withdrawing Appellant's plea was lacking. *See Carrasquillo*, 115 A.3d at 1292.

To the extent the *Anders* brief argues that the trial court erroneously rejected the identical issue raised in his counseled post-sentence motion, it affords Appellant no relief. To prevail on a post-sentence request to withdraw a plea, "[a] defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018) (internal quotation marks omitted). The determination as to whether a guilty plea was involuntary is made by examining the totality of the circumstances surrounding the plea, including whether the trial court elicited the following information:

> (1) Does the Appellant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the Appellant understand that he or she has the right to trial by jury?
>
> (4) Does the appellant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the Appellant aware of the permissible range of sentences and/or fines for the offenses charged?

- 11 -

(6) Is the Appellant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011); *see also* Pa.R.Crim.P. 590 (setting forth criteria necessary for a party to enter a plea or plea agreement).

A review of the transcript from the guilty-plea hearing makes clear that the trial court followed its mandate, made all relevant inquiries, and Appellant responded in the affirmative appropriately. N.T., 11/8/21, at 2-8. Further, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Moreover, we note that an assertion of innocence is not sufficient to demonstrate the manifest injustice required for the post-sentence withdrawal of a guilty plea. *Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016).

In the instant case, therefore, the totality of the circumstances supports the conclusion that Appellant knowingly, voluntarily, and intelligently entered into the guilty plea. Thus, Appellant cannot show he suffered prejudice on the order of manifest injustice required for the withdrawal of a plea after he was sentenced.

Finally, we have conducted an independent review of the record in order to determine if there are any additional, non-frivolous issues overlooked by counsel. ***Commonwealth v. Yorgey***, 188 A.3d1190, at 1198-1199 (Pa. Super. 2018) (*en banc*). Following our review, we conclude that there are no additional issues of merit and an appeal in this matter is frivolous.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022